Filed 2/27/25  P. v. Williams CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B336747 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA458774) |
| v. | |
| REGINALD WILLIAMS, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Affirmed.

Richard Lennon and Tanya Dellaca, under appointments by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Reginald Williams, Jr. appeals from the trial court's denial of his petition to resentence his 2019 voluntary manslaughter conviction under Penal Code section 1172.6.[1] Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we independently review the record and Williams's supplemental brief and affirm the order denying the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2017, along with codefendants and fellow Fruit Town Brim gang members Qasim Knox, Devonta Willis, and Christopher Nicholson, Williams shot and killed Whitney Yorke, who was a member of the rival Rollin' 30s Harlem Crips gang.[2]

On January 29, 2019, Williams entered into a plea agreement with the District Attorney. In accordance with that agreement, he pleaded guilty to one count of voluntary manslaughter of Yorke (§ 192, subd. (a); count 29) and admitted to personally using a firearm in the commission of the offense (§ 12022.5, subd. (a)). He also admitted that the offense was committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)). Finally, Williams admitted a prior conviction under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(e)) and as a prior serious felony conviction (§ 667, subd. (a)(1)).

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    For this factual background, we refer to the District Attorney's response to Williams's petition for resentencing. A traditional statement of facts is not relevant to this appeal.

On April 11, 2019, the trial court sentenced Williams to 47 years in state prison pursuant to the plea agreement.

On January 11, 2022, Williams filed a petition for resentencing pursuant to former section 1170.95.[3] The petition alleged that Williams was charged by an information "that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" that he was "convicted of murder" and that he "could [no longer] be convicted of murder . . . because of changes made to [sections] 188 and 189, effective January 1, 2019." The trial court appointed counsel to represent Williams.

On August 16, 2022, the District Attorney filed a response in which he conceded that a prima facie case for relief had been made and did not oppose the court issuing an order to show cause. The District Attorney asserted that he would prove Williams was not entitled to relief as a matter of law at an evidentiary hearing.

On August 25, 2022, the trial court accepted the District Attorney's concession and found that Williams established a prima facie showing for eligibility. The court ordered the District Attorney to show cause why the petition should not be granted.

On January 5, 2024, the District Attorney filed another response to Williams's petition, arguing that he was ineligible for relief because he pleaded guilty and was convicted after Senate Bill No. 1437 was enacted on January 1, 2019. The District

---

[3] The Legislature renumbered section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10, eff. June 30, 2022.)

3

Attorney asserted that he should have opposed the issuance of the order to show cause because of Williams's ineligibility.

On January 9, 2024, the District Attorney filed an amended response, arguing that Williams was ineligible for relief because he was convicted after the effective date of Senate Bill No. 1437, according to *People v. Reyes* (2023) 97 Cal.App.5th 292 (*Reyes*).

On February 13, 2024, the trial court denied Williams's petition.

Williams filed a timely notice of appeal.

On December 12, 2024, Williams's appellate counsel filed a brief that raised no issues and requested discretionary independent review under *Delgadillo*. On January 10, 2025, Williams filed a supplemental brief.

## DISCUSSION

In accordance with *Delgadillo*, we evaluate the arguments that Williams presented in his supplemental brief. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We also grant appellate counsel's request to exercise our discretion to independently review the record. Based on our review, we conclude the trial court's ruling was legally correct and no arguable issues exist. (*Ibid.*)

In his supplemental brief, Williams confirms that on January 29, 2019, he accepted the prosecutor's offer to plead guilty or no contest to voluntary manslaughter. He acknowledges that the trial court denied his petition based on *Reyes*, *supra*, 97 Cal.App.5th 292. But Williams contends that the trial court should have proceeded with an evidentiary hearing because *Reyes* was filed after the superior court issued an order to show cause on August 25, 2022. He also attempts to distinguish *Reyes* which involved a murder charged in 2020, after Senate Bill No. 1437

4

took effect.  Williams was originally charged with murder in 2017, before the law changed.

We reject both arguments.  *Reyes* and subsequent caselaw support the trial court's denial of Williams's petition because he was convicted under current law.  (*Reyes*, *supra*, 97 Cal.App.5th at p. 296; *People v. Lezama* (2024) 101 Cal.App.5th 583, 590 (*Lezama*); *People v. Gallegos* (2024) 105 Cal.App.5th 434, 439, 442–443 (*Gallegos*).)

Effective January 1, 2019, Senate Bill No. 1437 amended sections 188 and 189 to limit liability for murder under the felony murder rule and to eliminate liability for murder under the natural and probable consequences doctrine or any other theory that imputes malice based solely on participation in a crime.  (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Strong* (2022) 13 Cal.5th 698, 707–708.)  Effective January 1, 2022, Senate Bill No. 775 amended former section 1170.95 to include attempted murder under the natural and probable consequences doctrine or manslaughter under the theories of felony murder or the natural and probable consequences doctrine as eligible offenses to petition for resentencing.  (Stats. 2021, ch. 551, § 1, subd. (a).)

Section 1172.6, subdivision (a) provides relief to a person convicted of manslaughter when three conditions are met.  First, the prosecutor must have filed a charging document that allowed proceeding "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed based solely on that person's participation in a crime."  (§ 1172.6, subd. (a)(1).)  Second, the petitioner was convicted of manslaughter after a trial or upon a guilty or no contest plea in lieu of a trial at which they could have been convicted of murder.  (*Id.*, subd. (a)(2).)  Third, "[t]he

5

petitioner could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective on January 1, 2019." (*Id*., subd. (a)(3).)

For a defendant who pleaded guilty to manslaughter, "the most reasonable reading of the third criterion for establishing resentencing eligibility is that at the time of the conviction—i.e., the time the plea was entered—the only way to a murder conviction was through an imputed malice theory. As a matter of law, this cannot be true for a person . . . who pled guilty to voluntary manslaughter at a time when imputed malice theories had already been statutorily eliminated." (*Lezama, supra*, 101 Cal.App.5th at p. 590; *Gallegos, supra*, 105 Cal.App.5th at pp. 439, 442–443.) A defendant is thus statutorily ineligible for relief under section 1172.6 when he has been convicted of voluntary manslaughter after the passage of Senate Bill No. 1437 but even before Senate Bill No. 775, which added that crime as eligible for relief under section 1172.6. (*Gallegos*, at pp. 438–439, 443.)

Williams pleaded no contest to voluntary manslaughter in 2019, after the Legislature eliminated theories of imputed malice. The District Attorney could not proceed with any theory of imputed malice. Williams is unable to show that he could not be convicted of murder because of the legislative changes to sections 188 and 189, as required under subdivision (a)(3) of section 1172.6. (*Lezama, supra*, 101 Cal.App.5th at p. 590; *Gallegos, supra*, 105 Cal.App.5th at p. 443; *Reyes, supra*, 97 Cal.App.5th at p. 298.) Williams is thus ineligible for resentencing as a matter of law.

**DISPOSITION**

We affirm the order denying Williams's petition for resentencing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

HANASONO, J.*

We concur:

EGERTON, Acting P. J.

ADAMS, J.

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.